cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Benny Williams, | ) | Civil No.07cv959 BTM (AJB) |
| | ) | |
| Petitioner, | ) | Report and Recommendation |
| v. | ) | Denying Motion for Stay, |
| | ) | Denying Motion to Amend and |
| J. Walker, Warden, | ) | Granting In Part and Denying In Part |
| | ) | Respondent's Motion to Dismiss |
| Respondent. | ) | [Doc. Nos. 7, 13 and 14] |
| | ) | |

Petitioner, Benny Williams, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 24, 2007, presenting five claims, only four of which were previously presented to the California State Courts and exhausted. Respondent filed a motion to dismiss the petition on two grounds: 1) that the Petition is time barred pursuant to 28 U.S.C. § 2244 (d)(2); and 2) claim four has not been exhausted and therefore the Petition is a mixed petition. Petitioner filed an opposition to the motion to dismiss, a motion to amended the petition and a motion to stay and hold the federal petition in abeyance to allow Petitioner to return to state court to exhaust claim four, the one unexhausted claim from his currently pending petition, as well as three new claims not in the pending petition. Respondent has filed a response to the motion to amend and motion to stay. Petitioner requested an extension of time in which to file a reply to Respondent's response, which the Court granted giving Petitioner until December 29, 2007 to file his reply. As of the date of this Order, the Court has not received Petitioner's reply.

## ***Background***

### *I.      State Procedural Background*

On July 15, 2003, after a second trial, a jury convicted Petitioner of 12 counts of robbery with personal use of a firearm allegations for each count being found true.  (CT 988-999.) On October 17, 2003, Petitioner was sentenced to state prison for a total indeterminate term of 140 years to life, and a total determinate term of 115 years. The court stayed 165 years of the indeterminate term, leaving an indeterminate term balance of 140 years to life.(CT 1003-1006; RT 1670-1683.)

On October 20, 2003, Petitioner filed a notice of appeal from the judgment. (CT 913.)  On January 5, 2005, the California Court of Appeal, Fourth Appellate District, Division One, affirmed the judgment. (Lodgment 1.)  On February 7, 2005, Petitioner filed a petition for review in the California Supreme Court. (Lodgment 2.) It was denied on April 20, 2005. (Lodgment 2.)  Petitioner's conviction became final on July 19, 2005, 90 days from when the state court of last resort denied the petition for review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001); *Bowen v. Roe,* 188 F.3d 1157, 1158-59 (9th Cir. 1999).

On September 19, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, Division One, which was denied on October 17, 2005, citing *In re Hillery*, because it had not first been filed in superior court.  202 Cal. App. 2d 293, 294 (1962). (Lodgment 3.)  On December 15, 2005, Petitioner filed the same petition for writ of habeas corpus in the San Diego County Superior Court, which was denied on February 3, 2006. (Lodgment 4.)  On February 27, 2006, Petitioner again filed the petition for writ of habeas corpus in the California Court of Appeal, and it was denied on May 24, 2006. (Lodgment 5.)  On July 27, 2006, Petitioner filed the petition for writ of habeas corpus in the California Supreme Court, which  was denied on February 14, 2007, with citation to *In re Clark*.  5 Cal. 4th 750 (Cal. 1993). (Lodgment 6.) On May 24, 2007, Petitioner filed the instant petition for writ of habeas corpus in the Court. On June 1, 2007, this Court issued an order for a response.

///

///

///

## *Discussion*

### I.  Petitioner's Motion to Stay

Petitioner seeks to have this court stay and hold his current petition for writ of habeas corpus in abeyance while he returns to the California Supreme Court with one unexhausted claim from his currently pending petition, as well as three new claims not in the pending petition. All four of the claims Petitioner now seeks to exhaust are sentencing related claims. *See* Petitioner's Mot. To Stay at 9. These claims do not involve new evidence, nor do they involve any facts that Petitioner would not have been aware of when he presented all of his exhausted claims to the state courts. Furthermore, the Petitioner has made no attempt to demonstrate good cause for not having raised and exhausted these claims earlier.

However, as the Respondents' aptly point out, the stay-and-abeyance procedure is only available in limited circumstances, where the district court determines: 1) there is good cause for the petitioner's failure to exhaust his claims first in state court; 2) the unexhausted claims are not meritless; and 3) the petitioner has acted with reasonable diligence to exhaust the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Respondent contends that this case does not fall within the limited circumstances set forth in *Rhines*, since the Petitioner has not demonstrated good cause for not previously exhausting the four sentencing claims he now seeks to exhaust at this late juncture. *Id.* The Court agrees. Since the Petitioner has failed to meet the requirements set forth in *Rhines*, the Court finds that the stay-and-abeyance procedure inappropriate and recommends that Petitioner's motion for stay be DENIED.

### II.  Petitioner's Motion to Amend

Since the Court is recommending denial of Petitioner's motion to stay, the Court should allow the Petitioner an opportunity to delete the unexhausted claims if dismissal of the entire petition would unreasonably impair the Petitioner's right to obtain federal relief. *Lundy*, 455 U.S. at 522.

Petitioner has filed a motion to amend the Petition, however Petitioner seeks to amend his pending petition for writ of habeas corpus by deleting his unexhausted claim, only if this Court first grants Petitioner's requested stay. Petitioner is asking this Court to file the amended petition, conditioned upon the Court granting Petitioner's motion to stay, so that the Petitioner can return to state court

to exhaust claim four of the instant Petition which is unexhausted, as well as the three new claims presented in the motion to stay. The Petitioner states that after he exhausts his unexhausted claims he will then file an amended petition that includes the newly exhausted claims.

The Respondent opposes Petitioner's motion to amend on the same grounds that Respondent opposes Petitioner's motion to stay.  The Court agrees and hereby recommends Petitioner's motion to amend be DENIED because it is conditioned upon this Court granting Petitioner's motion to stay and allowing Petitioner to exhaust and later add four new claims to the Petition.

However, pursuant to Fed. R. Civ. P. 15(a)(1)(A), if a party's pleading in one to which a responsive pleading is allowed, as is the case here, a party may amend his pleading once as a matter of course before being served with a responsive pleading.  This rule applies to habeas petitions. *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).  Although the Respondent has filed a motion to dismiss, a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a).  *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1158 (9th Cir. 2007) (*citing Miles v. Dep't of Army*, 881 F.2d 777, 781 (9th Cir. 1989)).  As such, Petitioner may, as a matter of right, file an amended Petition deleting the unexhausted claims without leave of this Court prior to being served with a responsive pleading by Respondents.

### III.    *Respondent's Motion to Dismiss*

The Respondent moves to dismiss the instant petition on two grounds, first Respondent contends that the Petition is time bared by the provisions of 28 U.S.C. § 2244(d)(2) and second the Respondent contends that the petition should be dismissed on the grounds that it is a mixed petition.

> **A.    *Respondent's Contention that the Petition is Time Barred Under the Provisions of 28 U.S.C. § 2244(d)(2)***

The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to petitions for writs of habeas corpus filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059 (1997) *cert denied* 522 U.S. 1069 (1998).  Because the petition in this action was filed on September 25, 1997, AEDPA applies to this case.

As noted in *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 1998 WL 23861 (1998), AEDPA amended 28 U.S.C. § 2244 by adding subdivision (d)(1),

which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. The section states, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to a application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's judgment of conviction became final on July 19, 2005, since the California Supreme Court denied his petition for review on April 20, 2005 and Petitioner did not file a Petition for writ of Certiorari with the United States Supreme Court.

Title 28 U.S.C. ¶ 2244(d)(2) allows the statute of limitations to be tolled during the time in which a "properly filed application for State post-conviction . . . review . . . is pending. . . ." The record presented to this Court indicates that Petitioner had petitions for writs of habeas corpus pending in California state courts between September 19, 2005 and February 14, 2007. (Lodgments 3, 4, 5 and 6.) Respondent contends that the California Supreme Court denial on February 14, 2007 with a citation to *In re Clark*, was a "pinpoint citation"[1] that "stands for the proposition that petitions for writ of habeas corpus which are untimely filed without good cause, and do not fall within an exception to the timeliness rule, will be procedurally barred. Respondent argues that the California Supreme Court ruled the petition untimely by this citation and that therefore the petition was not properly filed within the

---

[1] Despite Respondent's contentions to the contrary, the citation was not a pinpoint citation, but rather a general citation to *In re Clark*, 5 Cal.4th 750 (1993). *See* Lodgment 6.

meaning of AEDPA's section 2244(d)(2), and hence, does not serve to tolling the statute of limitations. *See Pace v. Diguglielmo*, 125 S. Ct. at 1813-1814. The Court cannot agree.

In *Saffold*, the Supreme Court considered whether § 2244(d)(2) required tolling during the 4 1/2 months between the California appellate court's denial of Saffold's post-conviction petition and his further petition in the California Supreme Court. *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The California Supreme Court denied the petition "on the merits and for lack of diligence," which raised the question whether that court had dismissed for lack of merit, for untimeliness, or for both. *Id.*, at 225. The Supreme Court stated that, "[i]f the California Supreme Court had clearly ruled that Saffold's 4 1/2-month delay was 'unreasonable,' " i.e., untimely, " that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." *Id.*, at 226; *see also id.*, at 236, (KENNEDY, J., dissenting) ("If the California court held that all of [Saffold's] state habeas petitions were years overdue, then they were not 'properly filed' at all, and there would be no tolling of the federal limitations period"). What we intimated in Saffold we now hold: When a post-conviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2).

However, absent (1) clear direction or explanation from the California Supreme Court about the meaning of "reasonable time" in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, this Court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness. *Carey v. Saffold*, 536 U.S. 214 (2002). The Supreme Court has provided guidance for determining timeliness. The Supreme Court has stated that timely filings in California, as elsewhere, fell within the federal tolling provision on the assumption that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules, which provide a time period of 30 to 60 days. *Evans v. Chavis*, 546 U.S. 189, 199 (2006) (*citing Saffold*, 536 U.S. at 222-223).

In *Evans v. Chavis*, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a "reasonable time." 546 U.S. 189 (2006). In the instant case, the time that elapsed between Petitioner's conviction becoming final and

each subsequent round of habeas review as set forth above, all fall approximately within the 60 days considered timely by the Supreme Court.[2]  As such, the Court finds Respondent's reliance on the postcard denial by the California Supreme Court with a general citation to *In re Clark* to be unpersuasive, since the petitioner in *Clark* waited over a year after his conviction became final before filing his first state habeas petition.  Given the variety of issues addressed by the California Supreme Court in the 34 page decision in *Clark* and the fact that the instant case bears no factual similarity to *Clark* with regard to issue of timeliness, Respondent's motion to dismiss the Petition on the grounds that it time-barred pursuant to 28 U.S.C. § 2244(d)(2) should be DENIED.

### B.     *Respondent's Motion to Dismiss the Petition as a Mixed Petition*

The Respondent moves to dismiss the instant Petition as a mixed petition because Petitioner has not exhausted claim four of the Petition.  The Petitioner has admitted that he has not exhausted claim four of the Petition.

The rule of total exhaustion adopted by the Supreme Court requires all claims in a habeas petition be exhausted before a federal court can act on the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  Petitioners who choose to file mixed petitions are left with two options, withdrawing the unexhausted claims and proceeding only on exhausted claims or dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted in state court. *Calderon v. District Court (Taylor)*, 134 F.3d 981, 986 (9th Cir.1998); *see also James v. Giles*, 221 F.3d 1074, 1077-78 (9th Cir.2000). As such, this Court will afford the Petitioner the opportunity to select one of the two aforementioned options on or before February 25, 2008.  Should Petitioner fail to do so on or before February 25, 2008, this Court recommends Respondent's motion to dismiss the Petition as a mixed petition be GRANTED.

///

///

///

---

[2] The sole exception being 64 day period of time that elapsed between the denial by the court of appeal on May 24, 2006 and Petitioner's filing of the petition with the California Supreme Court on July 27, 2006.  However, given the amorphous nature of California's timeliness rule, the Court finds the additional four days during this period not to be significant enough of a delay to warrant a determination of untimeliness.  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

### *Conclusion*

For the reasons set forth above, the Court hereby recommends that: 1) Petitioner's motion to stay the Petition be **DENIED**; 2) Petitioner's motion to amend be **DENIED**; 3) Respondent's motion to dismiss on the grounds that the Petition is time-barred under 28 U.S.C. § 2244(d)(2) be **DENIED**.

The Petitioner shall have until *February 25, 2008* to delete the unexhausted claims and proceed only on exhausted claims.[3] Should Petitioner fail to do so on or before February 25, 2008, this Court recommends Respondent's motion to dismiss the Petition as a mixed petition be **GRANTED**.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any written objections to this Report and Recommendation must be filed with the Court and a copy served on all parties *on or before February 14, 2008.* The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed *on or before February 28, 2008*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Upon adoption of the Report and Recommendation, the Court sets the following schedule. If Petitioner chooses to delete the unexhausted claims and proceed only on exhausted claims, he must file an amended petition with this Court on or before *February 25, 2008*. Respondent shall then have until *March 25 , 2008* to file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 or until *April 10, 2008* to file an answer[4] pursuant to Rule 5 of the Rules Governing § 2254 cases.

If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than *April 21, 2008.* At the time the opposition is filed, Petitioner shall lodge with the Court

---

[3] Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted one(s). *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).

[4] At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion. If Respondent files an answer, Petitioner may file a traverse to matters raised in the answer no later than *May 12, 2008*. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

The Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

IT IS SO ORDERED.

DATED: January 25, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court