1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   BENNY WILLIAMS,                          Civil No. 07cv0959-BTM (AJB)

12                              Petitioner,   **ORDER:**

13                                            **(1) ADOPTING IN PART AND**
                                             **DECLINING TO ADOPT IN PART THE**
14                                            **FINDINGS AND CONCLUSIONS OF**
                                             **UNITED STATES MAGISTRATE**
     vs.                                      **JUDGE [Doc. No. 24];**
15
                                             **(2) DENYING RESPONDENT'S**
16                                            **MOTION TO DISMISS [Doc. No. 7];**

17                                            **(3) GRANTING MOTION TO HOLD**
                                             **PETITION IN ABEYANCE [Doc. No. 13];**
18   J. WALKER, Warden, et al.,

19                              Respondents.  **(4) DENYING MOTION TO AMEND**
                                             **PETITION [Doc. No. 14]; AND,**
20
                                             **(5) DENYING MOTION FOR**
21                                            **EXTENSION OF TIME [Doc. No. 28]**

22        Petitioner is a California prisoner proceeding pro se and in forma pauperis with a Petition

23   for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Petitioner is

24   challenging his San Diego County Superior Court conviction on twelve counts of armed robbery,

25   the finding that he has suffered three prior serious felony convictions which constituted "strikes"

26   under California's Three Strikes law, and his sentence of 255 years-to-life in state prison.  (Pet.

27   at 1.)  Petitioner claims that his federal right to due process was violated by: (1) the trial court's

28   failure to limit the cross-admissibility of evidence; (2) the failure of the prosecutor to provide

notice regarding the factual basis for one of the prior felony convictions; (3) the use of the prior felony convictions to enhance his sentence in violation of contract principles; (4) the dual use of the prior felony convictions in sentencing; and (5) ineffective assistance of appellate counsel regarding the type of claims and the manner in which they were presented on direct appeal. (Pet. at 8-9.)  Petitioner alleges in the Petition that all five claims have been presented to the state supreme court. (Id.)

Respondent Warden Walker moves to dismiss the Petition on the basis it was filed after expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), and on the basis that it is a mixed petition (one containing exhausted and unexhausted claims), because claim four was not presented to the state supreme court. (Doc. No. 7.)  Following an extension of time, Petitioner filed an Opposition to Respondent's Motion, along with a Motion for Stay and Abeyance and a Motion to file a First Amended Petition. (Doc. Nos. 12-14.)  Petitioner argues that his Petition is timely because he is entitled to tolling of the statute of limitations while his state habeas petitions were pending, but admits that he did not exhaust his state court remedies with respect to claim four and that he is proceeding with a mixed Petition. (Doc. No. 12 at 6-11.)  Petitioner opposes dismissal of the Petition as mixed and requests the Court to stay this action while he returns to state court to exhaust his state court remedies as to claim four and four additional claims which challenge the use of his prior felony convictions to enhance his sentence. (Id. at 11-12; Doc. No. 13 at 9-10.)  Petitioner also requests permission to file a First Amended Petition in which he abandons claim four, on the condition that this action is stayed while he exhausts his state court remedies, and on the condition that he be allowed to file a Second Amended Petition presenting all his claims after his state court remedies are exhausted. (Doc. No. 13 at 2.)  Petitioner argues that he has been diligent in his attempts to exhaust his state court remedies because he is currently proceeding with his unexhausted claims in the state courts. (Id. at 9-11.)  Although Petitioner recognizes that in order to be entitled to a stay he must, in addition to demonstrating diligence, show good cause for his failure to timely exhaust his state remedies, he made no effort to demonstrate good cause in the opening brief filed in support of his Motion for Stay and Abeyance. (Id. at 8-9.)

Respondent has filed separate Oppositions to Petitioner's Motions.  (Doc. Nos. 19-20.) Respondent argues that Petitioner has not attempted to demonstrate good cause for his failure to exhaust, and that he is unable to show good cause because the new claims involve sentencing issues which Petitioner was or should have been aware of at the time of his direct appeal.  (Doc. No. 19-2 at 4; Doc. No. 20-2 at 4-5.)  Petitioner filed a Reply, arguing that good cause exists as to claim four because it was raised on direct appeal but was not included in the petition for review due to his appellate counsel's negligence, and that good cause exists as to the remaining unexhausted claims "because of delays in obtaining discoverable material and claims recently made meritorious by petitioner now having possession and introduction of discoverable materials as evidence into Petitioner's petition."  (Doc. No. 22-2 at 2-3.)

Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Anthony J. Battaglia, which recommends denying Petitioner's Motions, denying Respondent's Motion to Dismiss in part to the extent it seeks dismissal of the Petition as untimely, and granting Respondent's Motion to Dismiss in part to the extent it seeks dismissal of the Petition as mixed unless Petitioner chooses to delete the unexhausted claim from the Petition and proceed with his exhausted claims.  (Doc. No. 24.)  The Magistrate Judge found the Petition to have been timely filed because statutory tolling applied for the time Petitioner was pursuing one complete round of state post-conviction collateral review, and that the citation to In re Clark, 5 Cal.4th 750 (1993) by the state supreme court in denying the final state habeas petition did not support a finding, as argued by Respondent, that the state habeas petition was untimely under state law.  (R&R at 4-7.)  The Magistrate Judge also found that Petitioner made no attempt to demonstrate good cause for not having exhausted his state court remedies in a timely manner, and that his new claims do not rely on newly discovered evidence or facts which Petitioner would not have been aware of when he presented his other claims to the state courts.  (R&R at 3-4.)  Petitioner has filed objections to the R&R.  (Doc. No. 27.)  Petitioner has also filed a Motion for an extension of time, in which he seeks an extension of the deadline provided in the R&R for him to choose between abandoning his unexhausted claims and dismissing the entire Petition.  (Doc. No. 28.)

The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  For the following reasons, the Court adopts in part and declines to adopt in part the findings and conclusions of the Magistrate Judge, denies Respondent's Motion to Dismiss, grants Petitioner's Motion for Stay and Abeyance, and denies Petitioner's remaining motions.

## I.      Statute of Limitations.

The Court adopts in full the Magistrate Judge's findings and conclusions regarding the one-year statute of limitations.  The Petition is timely for the reasons set forth in the R&R, to which Respondent has not objected.  (R&R at 4-7.)  Respondent's Motion to Dismiss is **DENIED** in part to the extent it seeks dismissal of the Petition as time-barred.

## II.     Motion for Stay and Abeyance.

The Magistrate Judge found that Petitioner has made no attempt to demonstrate good cause for his failure to timely exhaust his state court remedies.  (R&R at 3.)  However, Petitioner argues in his Reply to Respondent's Opposition to the Motion for Stay and Abeyance that good cause exists due to his appellate counsel's negligence in failing to present in the petition for review the unexhausted claim which was raised on direct appeal, and that good cause exists as to the remaining unexhausted claims "because of delays in obtaining discoverable material and claims recently made meritorious by petitioner now having possession and introduction of discoverable materials . . . ." (Doc. No. 22-2 at 2-3.)  The R&R states that Petitioner did not file a Reply to Respondent's Opposition, although he had been given an extension of time to do so. (R&R at 1.)  Petitioner contends in his Objections that the R&R erred in failing to consider his Reply brief.  (Obj. at 2-3.)  The Court's docket reflects that Petitioner's Reply was timely filed under the mailbox rule, and was filed before the R&R was issued.  (Doc. Nos. 18, 22.)

Accordingly, the Court declines to adopt the findings of the Magistrate Judge in regard to stay and abeyance, and will consider the issue in the first instance.

In <u>Rhines v. Weber</u> 544 U.S. 269 (2005), the Supreme Court held that District Courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. <u>Rhines</u>, 544 U.S. at 276-78. The <u>Rhines</u> Court noted that: "Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] twin purposes" of reducing delay and promoting the finality of state convictions. The overuse of stay and abeyance would frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." <u>Id.</u> at 277. In <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005), the Court noted that the <u>Rhines</u> holding applies to stays of mixed petitions, but that <u>Rhines</u> did not comment on the validity of the withdraw and abeyance procedure approved of in <u>Calderon v. United States District Court (Taylor)</u>, 134 F.3d 981 (9th Cir. 1998) and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), where unexhausted claims are withdrawn from a mixed petition and the resultant fully-exhausted petition is held in abeyance while petitioner returns to state court to exhaust the unexhausted claims. <u>Jackson</u>, 425 F.3d at 661. Because <u>Jackson</u> involved a mixed petition, the Court held that <u>Rhines</u> directly controlled, and "left for another day the question of whether the stay standard announced by the Supreme Court in <u>Rhines</u> applies to our three-step stay-and-abeyance procedure." <u>Id.</u>

The Court finds that application of the stay and abeyance procedure is appropriate here and will not frustrate AEDPA's twin purposes for a number of reasons. First, Petitioner has alleged facts which, if proven true, have the potential to establish good cause for his failure to timely exhaust. Respondent has not challenged Petitioner's allegations that he only recently discovered materials which led him to discover his claims, and the Court has not developed the record in this regard. Moreover, the unexhausted claims Petitioner seeks to add to the Petition are currently pending before the state supreme court in a habeas petition filed on December 5, 2007, which will likely be ruled upon soon. Thus, the exhaustion requirement will in all

1  likelihood be satisfied before the Court could conduct the necessary inquiry into whether

2  Petitioner's allegations are sufficient to support good cause under <u>Rhines</u>, and it would appear

3  that a longer delay would be caused by developing the record in this regard than awaiting the

4  actual exhaustion of state court remedies.  Second, Respondent has yet to file an Answer

5  addressing the merits of any of the claims presented in the Petition.  Since the new claims

6  involve the propriety of the use of Petitioner's prior convictions to enhance his sentence, and

7  because similar claims are presented in the Petition and were presented on direct appeal, it does

8  not appear that requiring Respondent to file an Answer as to the merits of the new claims in

9  addition to the preexisting claims would cause undue delay or prejudice to Respondent.

10  Additionally, Respondent has yet to take any position on the second prong of the <u>Rhines</u> analysis

11  – i.e., whether the new claims are meritorious.  That inquiry would appear to be duplicative of

12  addressing the merits of the new claims in an Answer, and also likely to not take place prior to

13  the actual exhaustion of state remedies.  Third, this action has been pending less than a year, and

14  it appears that Petitioner began immediately exhausting his state remedies in response to

15  Respondent's Motion to Dismiss.  As no Answer has been filed in this action, it does not appear

16  that AEDPA's twin purposes of avoiding delay and protecting the finality of state court

17  convictions is implicated here.[1]

18      Accordingly, the Court **GRANTS** Petitioner's Motion for Stay and Abeyance, and

19  **STAYS** this action pending resolution by the state supreme court of Petitioner's pending habeas

20  petition.  The Court **DENIES** in part Respondent's Motion to Dismiss to the extent it seeks

21  _____

22  [1] There is an additional reason counseling denial of Respondent's Motion to Dismiss for failure
to exhaust, in that Petitioner may have already satisfied the technical requirements of exhaustion with

23  respect to claim four.  It is possible that the state supreme court will impose a procedural bar when
ruling on the pending state habeas petition.  <u>See</u> In re Robbins, 18 Cal.4th 770, 788 n.9 (1998) (<u>In re</u>

24  <u>Clark</u> "serves to notify habeas corpus litigants that we shall apply the successiveness rule when we are
faced with a petitioner whose prior petition was filed after the date of finality of *Clark*."), <u>see also</u> <u>In</u>

25  <u>re Clark</u>, 5 Cal.4th at 797-98 ("the general rule is still that, absent justification for the failure to present
all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely

26  petitions will be summarily denied," and describing the "fundamental miscarriage of justice" exception
to that rule).  "A habeas petitioner who has defaulted his federal claims in state court meets the *technical*

27  requirements for exhaustion; there are no state remedies any longer 'available' to him."  Cassett v.
Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 732

28  (1991)).  The state supreme court has already denied Petitioner habeas relief with a citation to <u>Clark</u>,
although as noted in the R&R the lack of a citation to a specific page of the <u>Clark</u> opinion makes it
impossible to determine which procedural bar was imposed.

dismissal of the Petition on the basis that it contains unexhausted claims. This aspect of Respondent's Motion to Dismiss is denied without prejudice to Respondent to renew in the event Petitioner files an amended petition which contains unexhausted claims.

### III.   Motion to Amend.

Petitioner requests permission to file a First Amended Petition in which he deletes the unexhausted claim in the Petition (claim four), on the condition he will be allowed to file a Second Amended Petition containing all his claims after he has finished exhausting state remedies. The Court **DENIES** the Motion as moot. As set forth above, the Court is utilizing the Supreme Court's stay and abeyance procedure approved of in <u>Rhines</u> and not the Ninth Circuit's withdraw and abeyance procedure.

### IV.   Motion for Extension of Time.

Finally, Petitioner requests an extension of time regarding the deadline set forth in the R&R to decide whether to abandon his unexhausted claims or dismiss the entire Petition. Because the Court grants his Motion for Stay and Abeyance, Petitioner's motion for an extension of time is **DENIED** as moot.

### V.   Conclusion and Order.

The Court **ADOPTS** in part and **DECLINES** to adopt in part the findings and conclusions of the Magistrate Judge as set forth in this Order, **DENIES** Respondent's Motion to Dismiss, **DENIES** Petitioner's Motion to amend, **DENIES** Petitioner's Motion for an extension of time, and **GRANTS** Petitioner's Motion for stay and abeyance. This action is **STAYED** pending resolution of the habeas petition currently pending in the state supreme court. Petitioner shall have thirty (30) days from the date the state supreme court rules on the state habeas petition in which to file a First Amended Petition in this Court presenting all exhausted claims. Petitioner is cautioned that if the First Amended Petition contains claims for which Petitioner has not exhausted his state court remedies, Respondent shall be given the opportunity

to renew the Motion to Dismiss on the basis of Petitioner's failure to exhaust.  Nothing in this Order is intended to comment on Respondent's ability to argue that any of Petitioner's claims are procedurally defaulted.

**IT IS SO ORDERED.**

DATED:  March 12, 2008

Honorable Barry Ted Moskowitz
United States District Judge

07cv0959