1                                                                                          cal_____

2

3

4

5

6

7

8

9
                                    UNITED STATES DISTRICT COURT
10
                                 SOUTHERN DISTRICT OF CALIFORNIA
11

12  Benny Williams,                          )        Civil No.07cv959 BTM (AJB)
                                             )
13                    Petitioner,            )
                                             )
    v.                                       )        Order Denying Motion For
14                                           )        Appointment Of Counsel
    J. Walker, Warden,                       )        [Doc. No. 35]
15                                           )
                      Respondent.            )
16  _____   )

17

18          Petitioner, Benny Williams, a state prisoner proceeding pro se, has filed a petition for writ of

19  habeas corpus challenging his July 15, 2003 conviction of 12 counts of robbery with personal use of a

20  firearm in San Diego Superior Court Case No. SCD 124538. Petitioner has filed a motion seeking the

21  appointment of counsel in this case. For the reasons set forth below, Petitioner's motion is DENIED.

22          The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state

23  prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.

24  1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas

25  petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court

26  "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West. Supp. 1995);

27  *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234

28  (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1984).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah*, 18 F.3d at 573. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). In making this inquiry, this Court is mindful of the fact that "[t]he procedures employed by the federal courts are highly protective of a pro se peti-tioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (*per curiam)).

Petitioner argues that he is entitled to legal counsel because he does not have a meaningful source of income to employ the services of an attorney, is a layman at law, has limited education and no education in law. He also argues that the prison limits his access to law books, legal materials and law library time. Petitioner contends that the issues involved necessitate serious proceedings, the issues are too complex and difficult for him to understand how to proceed, and he must rely upon the assistance of other inmates in the preparation of his filings with this Court.

Upon review, the Court finds the issues presented in this habeas petition and other moving papers are not of sufficient complexity to warrant the appointment of counsel. From the face of the petition, filed pro se, it appears that the petitioner has a good grasp of this case and the legal issues involved. Petitioner has adequately briefed his case to date, and he has adequately briefed the numerous motions he has filed with this Court. The petitioner has demonstrated in his moving papers the ability to cite relevant authority. Furthermore, his contention that the prison limits his access to law books, legal materials, law library time and occupancy is not sufficient to support his claims that he is entitled to the

07cv959

1   assistance of counsel. [1] Under such circumstances a district court does not abuse its discretion in

2   denying the petitioner's request for appointment of counsel. *See LaMere v. Risley*, 827 F.2d 622, 626

3   (9th Cir. 1987). At this stage of the proceedings, the Court finds that the interests of justice do not

4   require the appointment of counsel.

5          IT IS SO ORDERED.

6

7   DATED:  June 16, 2008

8                                                          _____
                                                           Hon. Anthony J. Battaglia
9                                                          U.S. Magistrate Judge
                                                           United States District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28          [1]The Ninth Circuit has held that a "the Constitution does not guarantee a prisoner unlimited
     access to a law library. Prison officials of necessity must regulate the time, manner and place in which
     library facilities are used. *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 856 (9th Cir.
     1985).

07cv959