# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY WILLIAMS,<br><br>                      Petitioner,<br><br>vs.<br><br>J. WALKER, Warden, et al.,<br><br>                      Respondents. | Civil No. 07cv0959-BTM (AJB)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART AND DECLINING TO ADOPT IN PART THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE [Doc. No. 61];**<br><br>**(2) DENYING FIRST AMENDED PETITION FOR A WRIT OF HABEAS CORPUS [Doc. No. 37]; AND,**<br><br>**(3) ISSUING A CERTIFICATE OF APPEALABILITY** |

      Petitioner is a California prisoner proceeding pro se and in forma pauperis with a First Amended Petition ["FAP"] for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 37.) Petitioner is challenging his San Diego County Superior Court conviction on twelve counts of armed robbery, the finding that he suffered three prior serious felony convictions which constituted "strikes" under California's Three Strikes law, and the use of those prior convictions to enhance his sentence of 255 years-to-life in state prison. (FAP at 1.) Petitioner claimed in his Original Petition that his federal Constitutional rights were violated by: (1) the trial court's failure to limit the cross-admissibility of certain evidence; (2) the failure of the prosecutor to provide notice regarding the factual basis for one of the prior felony convictions;

(3) the use of the prior felony convictions to enhance his sentence in violation of contract principles; (4) the dual use of the prior felony convictions in sentencing; and (5) ineffective assistance of appellate counsel. (Pet. at 8-9.) Petitioner presents these same claims in the FAP, but adds new claims alleging that his federal due process rights were violated by: (6) the use of a prior Oregon conviction to enhance his sentence because it does not establish the necessary elements of a similar offense under California law; (7) the lack of sufficient evidence to establish one of his prior convictions; and (8) violation of double jeopardy principles regarding two of the prior convictions. (FAP at 29-34.)

Respondent has filed an Answer. (Doc. No. 43.) Respondent reiterates the argument made in the Motion to Dismiss the Original Petition, which was rejected by the Court, that this action was commenced after expiration of the one-year statute of limitations. (Memorandum of Points and Authorities in Support of Answer ["Ans. Mem."] at 13-15.) Respondent also contends that claims four through eight were denied by the state courts as untimely and successive, and are therefore procedurally defaulted in this Court, and that all of Petitioner's claims lack merit. (Id. at 16- 28.) Petitioner has filed a Traverse. (Doc. No. 59.)

Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Anthony J. Battaglia, which finds that the FAP is timely, that claims four though eight are procedurally defaulted, and that claims one through three fail on their merits. (Doc. No. 61.) Petitioner has filed objections to the R&R. (Doc. No. 68.)

The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the following reasons, the Court **ADOPTS** the Magistrate Judge's findings regarding the statute of limitations, **DECLINES TO ADOPT** the findings regarding procedural default, **ADOPTS** the findings denying claims one through three, **DENIES** the FAP on the merits of all claims presented, and **ISSUES** a Certificate of Appealability as to all claims presented.

## I. Statute of Limitations

Respondent initially moved to dismiss the Original Petition on the basis that it was filed after expiration of the one-year statute of limitations, and on the basis that Petitioner had failed to exhaust his state court remedies with respect to claim four. (Doc. No. 7.) The Court adopted the finding by the Magistrate Judge in the initial R&R issued in this matter on January 25, 2008, that the Original Petition had been filed within the one-year statute of limitations. (See Order filed 3/12/08 [Doc. No. 30] at 4; R&R filed 1/25/08 [Doc. No. 24] at 4-7.) The Court found that claim four was unexhausted, but held this action in abeyance until exhaustion of that claim, which was at that time pending in the state supreme court. (Order filed 3/12/08 at 4-7.) Petitioner subsequently filed the FAP, which contains the previously exhausted claims one through three, the newly exhausted claim four, and newly exhausted claims six through eight.

In the Answer to the FAP, Respondent once again raises the statute of limitations defense. Respondent "recognizes that this Court has already rejected its argument that the petition for writ of habeas corpus is beyond AEDPA's statute of limitations. . . . However, it is being reasserted in Respondent's answer to preserve it for appeal, if necessary." (Ans. Mem. at 13 n.6.) Respondent goes on to repeat the argument raised in the Motion to Dismiss that Petitioner was not entitled to statutory tolling of the limitations period while his first state supreme court habeas petition was pending, because the state supreme court denied that petition with a citation to In re Clark, 5 Cal. 4th 750 (1993). (Ans. Mem. at 14-15.) The Court rejected that contention, finding that the state supreme court's failure to provide a citation to a specific page of the Clark opinion was a failure to clearly indicate that the petition was rejected as untimely, and may have been a reference to the other procedural bars discussed in the Clark opinion. (See Order filed 3/12/08 at 4; R&R filed 1/25/08 at 4-7.) Rather, the Court found that the short delay in presenting the habeas petition to the state supreme court after the denial of the same petition by the appellate court precluded a finding by this Court that the petition was untimely under state law and therefore neither "properly filed" nor "pending" within the meaning of 28 U.S.C. § 2244(d). (Id.) Although Respondent repeats the argument that the Original Petition was untimely for that reason, Respondent does not argue that the FAP, which is now the operative

pleading in this action, is untimely, and in fact indicates that the newly-exhausted claims do not "factor in the overall timeliness of Petitioner's instant petition." (Ans. Mem. at 13-15 & n. 6.) Because, as discussed below, whether the newly-exhausted claims in the FAP relate back to the filing date of the Original Petition is determinative as to whether the newly-exhausted claims are timely, Respondent has likely waived the statute of limitations defense both here and on appeal.[1]

The Court may reach the statute of limitations issue regardless of whether it has been waived. Day v. McDonough, 547 U.S. 198, 209-10 (2006). The Court finds that claims one, two, three and five in the FAP are timely for the reasons set forth in its previous Order. (See Order filed 3/12/08 at 4; R&R filed 1/25/08 at 4-7.) These claims were either raised on direct appeal or were presented during Petitioner's timely first round of state post-conviction review. (Lodgment Nos. 2, 6.) However, claims four, six, seven and eight were not presented to the state courts either on direct appeal or during the first full round of post-conviction collateral review. Rather, claim four was presented to the state supreme court in a habeas petition filed on October 29, 2007, while this action was pending. (Lodgment No. 13.) Claims six, seven and eight were presented to the state supreme court in a habeas petition filed December 5, 2007, also while this action was pending. (Lodgment No. 11.)

The Magistrate Judge found that the FAP related back to the filing of the Original Petition, and was therefore timely, "because the amended pleading asserts substantially the same grounds for relief." (R&R at 13 n. 6.) The Court adopts this finding. Petitioner exhausted his state court remedies with respect to claims four, six, seven and eight after he initiated this action, and well after the one-year statute of limitations expired. However, all of those claims involve issues regarding the use of prior convictions to enhance Petitioner's sentence. (FAP at 25, 29-34.) The Supreme Court has stated that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle

---

[1] With respect to Respondent's contention that Petitioner is not entitled to statutory tolling for the period his first state supreme court habeas petition was pending during the first complete round of state post-conviction review, Respondent was cautioned in the Original R&R and in the current R&R, both of which made findings rejecting that contention, that the failure to object to those findings may act as a waiver to that issue on appeal. (See R&R issued 1/25/08 at 8; R&R issued 2/5/09 at 33.) Despite this caution, Respondent has not filed objections to either R&R.

v. Felix, 545 U.S. 644, 664 (2005). The timely-presented claims in the Original Petition are tied to a common core of operative facts with the newly exhausted claims. These include ineffective assistance of appellate counsel for not investigating and raising issues regarding the use of the prior convictions to enhance Petitioner's sentence (claim five), a claim alleging that the prosecutor failed to provide notice regarding the factual basis for one of the prior felony convictions (claim two), and a claim alleging that the use of the prior felony convictions to enhance the sentence violated contract principles (claim three). (Pet. at 7-9.)

The newly-exhausted claims were all presented to the state supreme court over two years after the conclusion of direct review, and over eight months after the conclusion of Petitioner's first full round of state post-conviction review. As discussed in more detail below with respect to procedural default, the new claims were likely found by the state supreme court to be untimely due to the citation to page 780 of the Robbins opinion. See In re Robbins, 18 Cal. 4th 770, 780 (1998) (setting forth "analytical framework governing our timeliness determination."). However, the timeliness under state law of these new claims is relevant only to whether statutory tolling is available, and, as discussed below, whether those claims are procedurally defaulted in this Court. Claims four, six, seven and eight are timely filed in this Court, not because the limitations period was tolled by the state petitions which contained these claims, but because they relate back to the timely filed Original Petition. Mayle, 545 U.S. at 664; King v. Ryan, 564 F.3d 1133, 1142 (9th Cir. 2009) (holding that Mayle "requires a comparison of a petitioner's new claims to the properly exhausted claims left pending in" the original petition.), cert. denied, __S.Ct.__, 2009 WL 1980821 (Oct. 5, 2009). The Court **ADOPTS** the finding in the R&R, to which Respondent has not objected, that all claims in the FAP are timely.

**II.     Procedural Default**

Respondent contends that claims four through eight are procedurally defaulted because the citation to Clark indicates that the petitions in which the claims were raised were denied as untimely and successive, and the citation to Robbins indicates the petitions were untimely. (Ans. Mem. at 16.) Petitioner replies that his claims were presented to the state courts in a timely fashion and in a procedurally correct manner, and are not procedurally defaulted in this Court.

(Memorandum of Points and Authorities in Support of Traverse ["Traverse Mem."] at 9-11.) Petitioner also contends that California's bars against untimely and successive petitions are neither clearly established nor consistently applied, and that Respondent has not carried the burden of demonstrating that they are. (Id. at 11-17.)

Claim five was presented to the state supreme court in a habeas petition during Petitioner's first full round of state habeas review, and was denied by an order which stated: "Petition for writ of habeas corpus is DENIED. (See *In re Clark* (1993) 5 Cal.4th 750.)" (Lodgment No. 6.) Claim four was presented to the state supreme court in Petitioner's second state supreme court habeas petition and denied by an order which stated: "The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993) 5 Cal.4th 750; *In re Waltreus* (1965) 62 Cal.2d 218.) [¶] George, C.J., was absent and did not participate." (Lodgment Nos. 13-14.) Claims six, seven and eight were presented to the state supreme court in a third habeas petition, which was denied by an order which stated: "The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993) 5 Cal.4th 750.) [¶] George, C. J., was absent and did not participate." (Lodgment Nos. 11-12.)

A claim presented in a federal habeas petition which has been rejected by the state courts on the basis of a procedural rule that is independent of federal law and adequate to support the judgment is procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state procedural rule is "independent" if it is not interwoven with federal law. LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). A state rule is "adequate" if it is "clear, consistently applied, and well-established" at the time of the default. Calderon v. United States District Court, 96 F.3d 1126, 1129 (9th Cir. 1996).

Respondent has satisfied the initial burden of pleading as an affirmative defense that Petitioner's failure to satisfy the state procedural rules regarding timeliness and successive petitions forecloses federal habeas review. Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). The burden has therefore shifted to Petitioner to challenge the independence or adequacy of the procedural bars. Id. (suggesting that a petitioner may carry the burden "by asserting

1 specific factual allegations that demonstrate the inadequacy of the state procedure, including
2 citation to authority demonstrating inconsistent application of the rule.")  If Petitioner makes a
3 sufficient showing, then the ultimate burden of proving the independence and adequacy of the
4 procedural rules at issue falls on Respondent.  Id.

5      The Magistrate Judge found that Petitioner had failed to carry his "quite modest" burden
6 of demonstrating that California's procedural bars regarding timeliness and successive petitions
7 are inadequate, because Petitioner had made only a general statement in that regard.  (R&R at
8 15.)  The Magistrate Judge therefore "assumed" that those procedural bars were adequate and
9 independent, and found that claims four through eight were procedurally defaulted.  (R&R at 15-
10 17.)  The Magistrate Judge went on to find that Petitioner had failed to demonstrate cause and
11 prejudice to excuse the default, or establish that a fundamental miscarriage of justice would
12 result if the Court were to refuse to reach the merits of these claims.  (R&R at 15-25.)  Petitioner
13 Objects to the Magistrate Judge's findings.  (Pet.'s Objections [Doc. No. 68] at 11-29.)  For the
14 following reasons, the Court **DECLINES TO ADOPT** the Magistrate Judge's findings and
15 conclusions with respect to procedural default.

16      Respondent and Petitioner both acknowledge that the Ninth Circuit has previously found
17 California's timeliness rule was not "adequate" to support a federal procedural default.  (Ans.
18 Mem. at 17 n.9; Traverse Mem. at 15.)  The Ninth Circuit has found this rule to have been
19 inconsistently applied or not sufficiently well-established prior to the date of the California
20 Supreme Court's Clark decision.  Morales v. Calderon, 85 F.3d 1387, 1391 (9th Cir. 1996)
21 (finding that no clear rule existed for petitions (such as Petitioner's here) filed 90 days after the
22 due date for the reply brief on direct appeal.)  Where Respondent has carried the initial burden
23 under Bennett with respect to a procedural bar that has previously been found to be inadequate,
24 such as the timeliness bar here, and the burden has shifted to Petitioner, as here, Petitioner
25 satisfies his burden simply by contesting the adequacy of the state rule.  King v. Lamarque, 464
26 F.3d 963, 967-68 (9th Cir. 2006).  Petitioner has easily satisfied that burden with the lengthy
27 contentions containing specific case citations he has presented in the Traverse directly in
28 response to Respondent's argument.  (Traverse Mem. at 15-17.)  The burden has therefore

shifted back to Respondent to prove the adequacy of the procedural rule. King, 464 F.3d at 968. Respondent makes no effort to prove that California's timeliness bar has been applied consistently since the Clark opinion. Respondent has therefore failed to carry the burden of establishing that this Court is precluded from reaching the merits of Petitioner's claims due to the imposition of California's procedural bar against untimely claims.

Respondent contends that, in addition to the timeliness bar, California's bar on successive petitions was applied to Petitioner's newly-exhausted claims by virtue of the citation to the Clark opinion in the orders denying those claims. (Ans. Mem. at 16.) Generally, when a state court order invokes multiple procedural bars without specifying which bars are applied to which claims, and the federal habeas court is unable to resolve the ambiguity, the state order will not support a procedural default. Koerner v. Grigas, 328 F.3d 1039, 1052 (9th Cir. 2003). However, when two state procedural rules are invoked in a single order disposing of multiple claims, the ambiguity does not preclude procedural default so long as both bars are adequate and independent. Washington v. Cambra, 208 F.3d 832, 834 (9th Cir. 2000). Thus, to the extent California's procedural bars regarding untimely and successive petitions were both applied to Petitioner's claims, Respondent must demonstrate that both state procedural bars are adequate and independent.

Claim five, an ineffective assistance of counsel claim raised in Petitioner's first round of state habeas review, was denied by the state supreme court with a citation to Clark without a specific page citation. (Lodgment No. 6.) Claim five does not appear to be successive to the claims presented on direct appeal because it does not appear that state law required Petitioner to present the claim on direct appeal as it relied on matters outside the record. See People v. Pope, 23 Cal. 3d 412, 426 (1979) ("Where the record does not illuminate the basis for the challenged acts or omissions, a claim of ineffective assistance is more appropriately made in a petition for habeas corpus."), overruled on other grounds, People v. Berryman, 6 Cal. 4th 1048, 1081 n.10 (1993), overruled on other grounds, People v. Hill, 17 Cal. 4th 800, 823 n.1 (1998). However, even if the bar against successive petitions was applied to claim five, the citation to Clark is ambiguous with respect to whether the timeliness bar was also applied. See In re Clark,

1  5 Cal. 4th 750, 797 (1993) ("the general rule is still that, absent justification for the failure to
2  present all known claims in a single, timely petition for writ of habeas corpus, successive and/or
3  untimely petitions will be summarily denied.") Because the order denying claim five was
4  ambiguous, Respondent is required to demonstrate that both the timeliness and successive bars
5  are adequate and independent. Washington, 208 F.3d at 834. As set forth above, Respondent
6  has failed to carry the burden with respect to the timeliness bar.

7  Claim four was raised in the second habeas petition filed in the state supreme court more
8  than two years after the state supreme court denied Petitioner's direct appeal, and more that eight
9  months after the conclusion of Petitioner's first full round of state post-conviction habeas review.
10  (Lodgment No. 13.) That petition was denied by an order which stated: "The petition for writ
11  of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993)
12  5 Cal.4th 750; *In re Waltreus* (1965) 62 Cal.2d 218.) [¶] George, C.J., was absent and did not
13  participate." (Lodgment Nos. 13-14.) The Waltreus citation does not affect the determination
14  regarding procedural default. Ylst v. Nunnemaker, 501 U.S. 797, 804 n.3 (1991) (observing
15  with respect to California's Waltreus rule: "Since a later state decision based upon ineligibility
16  for further state review neither rests upon procedural default nor lifts a pre-existing procedural
17  default, its effect upon the availability of federal habeas is nil . . . .") Accepting Respondent's
18  position that the specific page citation to the Robbins opinion indicates the bar against untimely
19  petitions was applied to claim four, the claim is not procedurally defaulted because Respondent
20  has not established that California's timeliness rule is consistently applied. Moreover, the order
21  does not contain a page citation to the Clark opinion, and it is therefore ambiguous as to whether
22  the bar against successive petitions was also applied to claim four, which was in fact raised in
23  a successive petition. Because the order denying claim four was ambiguous, Respondent is
24  required to demonstrate that both the timeliness and successive bars are adequate and
25  independent. Washington, 208 F.3d at 834. As set forth above, Respondent has failed to carry
26  the burden with respect to the timeliness bar.

27  Claims six, seven and eight, which were raised in the third habeas petitions filed in the
28  state supreme court nearly two and one-half years after the state supreme court denied relief on

1  direct appeal, were also denied with a citation to Clark which did not contain a specific page
2  citation. (Lodgment Nos. 11-12.) The order denying those claims also contained a citation to
3  page 780 of the Robbins opinion indicating the timeliness bar was applied. See In re Robbins,
4  18 Cal. 4th at 780 (setting forth "analytical framework governing our timeliness determination").
5  (Lodgment No. 12.) As with claim four, the inclusion of the Clark citation in the order renders
6  it ambiguous as to whether only the bar of timeliness was applied, or whether the bar against
7  successive petitions was also applied. Because Respondent bears the burden of demonstrating
8  that both procedural bars are adequate and independent, and has failed to carry that burden with
9  respect to the procedural bar of untimeliness, these claims are not procedurally defaulted.

10  Accordingly, the Court **DECLINES TO ADOPT** the findings and conclusions in the
11  R&R regarding procedural default, and rejects Respondent's contention that any of Petitioner's
12  claims are procedurally defaulted in this Court.

13  **III.  The Merits**

14  The Court **ADOPTS** the findings and conclusions of the Magistrate Judge with respect
15  to the merits of claims one, two and three. (R&R at 25-32.) These claims are **DENIED** for the
16  reasons set forth in the R&R.

17  The Magistrate Judge did not reach the merits of claims four through eight, finding that
18  they were procedurally defaulted. Having found that these claims are not procedurally defaulted,
19  the Court will address the merits in the first instance. Because they were denied on procedural
20  grounds by the state supreme court, this Court will conduct a de novo review of the record with
21  respect to these claims. Pirtle v. Morgan, 313 F.3d 1160, 1167-68 (9th Cir. 2002).

22  **A)  Claim Four**

23  Petitioner alleges in claim four that the trial court imposed a five-year enhancement for
24  each of his three prior convictions, for a total of fifteen years of consecutive enhancements, and
25  then impermissibly used the same prior convictions a second time to impose a sentence under
26  California's Three Strikes law. (FAP at 25-26.) Respondent argues that this claim presents an
27  issue of state law only. (Ans. Mem. at 24-25.) The FAP merely alleges that this dual use of the
28  prior convictions was improper under state law, and includes citations to state case law only, not

federal law. (FAP at 25-26.) Petitioner does not cite to federal law in the Traverse when responding to Respondent's argument. (Traverse Mem. at 33-35.) Moreover, Petitioner did not present this claim as a federal claim when presenting it to the state supreme court. (Lodgment No. 13.) This claim therefore does not provide a basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that federal habeas relief does not lie for errors of state law).

### B) Claim Five

Petitioner alleges in claim five that he received ineffective assistance of appellate counsel in violation of his Fourteenth Amendment right to due process because defense counsel did not properly raise the claims that Petitioner presents in this action. (FAP at 27-28; Traverse Mem. at 35-40.) Because the Court finds that Petitioner's claims lack merit, his appellate counsel was not deficient for failing to present the claims, and Petitioner was not prejudiced by any such failure. Strickland v. Washington, 466 U.S. 668 (1984); Smith v. Robbins, 528 U.S. 259, 285 (2000) (the Strickland standard applies to claims of ineffective assistance of appellate and trial counsel); Gustave v. United States, 627 F.2d 901, 906 (9th Cir. 1980) ("There is no requirement that an attorney appeal issues that are clearly untenable."); Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (stating that attorney's failure to raise meritless legal argument does not constitute ineffective assistance). Habeas relief is **DENIED** as to claim five.

### C) Claim Six

Petitioner contends in claim six that his Sixth and Fourteenth Amendment rights were violated when the trial court used his prior Oregon felony conviction to enhance his sentence. (FAP at 29-30; Traverse Mem. at 40-45.) Specifically, he contends that his 1996 Oregon felony conviction for attempted robbery was not a "strike" under California's Three Strikes law because it did not contain all the elements of a similar offense under California law. (Id.) Respondent argues that, aside from the fact that this claim presents an issue of state law only, the transcript of the Oregon proceedings show that the conduct Petitioner pled guilty to in Oregon would have amounted to attempted robbery in California. (Ans. Mem. at 26-27.)

///

Federal habeas relief is available for a claim based on misapplication of state sentencing law only where Petitioner demonstrates fundamental unfairness which amounts to a violation of due process. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); see also Miller v. Vasquez, 868 F.2d. 1116, 1118-19 (9th Cir. 1988) ("Whether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions is a question of state sentencing law.") An out-of-state conviction constitutes a "strike" if the facts underlying the conviction constitute a felony under California law. People v. Myers, 5 Cal. 4th 1193, 1201 (1993). Petitioner cannot demonstrate fundamental unfairness because he has failed to show that his Oregon prior conviction did not constitute a "strike" under California law. Attempted robbery under California law requires a showing of specific intent to feloniously take "personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code section 211 (West 2008); see also People v. Carrasco, 163 Cal. App. 4th 978, 983 (2008) ("in order to establish an attempt, it must appear that the defendant had a specific intent to commit a crime and did a direct, unequivocal act toward that end; preparation alone is not enough, and some appreciable fragment of the crime must have been accomplished.")

Petitioner pleaded no contest to the Oregon offense, the facts of which were described by the prosecutor at his change of plea hearing as follows:

> This incident happened in Washington County, Oregon, on or about May 22, 1996. The defendant and his companions, who are co-defendants in this case, were living in Portland, and Mr. Williams, the defendant, had discussed with his companions, slash, co-defendants, going over to the Office Depot in Beaverton, Washington County, and going into the store around closing time, hiding in the store and waiting until after the store closed, and then Mr. Williams would take items from the store. [¶] The three drove over to Office Depot. There were further discussions about what he was going to do. [¶] At one point, according to one of the co-defendants, he mentioned that if he was found inside the store, he would rob the employees, but his main intent was to go to the store, hide and wait until it closed, and take the items. [¶] In any event, the defendant went over to the Office Depot, went into the store, wandered around for about an hour.
>
> Right near closing time, about ten – five to 6:00, very close to 6:00 o'clock, the defendant hid in the corner of the store, hid behind some boxes; all the while the Office Depot people were following him around. They were following him around because there had been other thefts and robberies at Office Depot. [¶] When the employees noticed he wasn't there anymore, they called the police. The police went to Office Depot, and they found the defendant hiding behind some boxes, and they found a lighter that was a toy gun and, also, some surgical gloves

and, also, some wire. [¶] So those are the facts of the case, Judge, and, of course, our theory would be the defendant took a substantial step toward the robbery in arming himself - that is probably the wrong word - having on his person the lighter and expressing an intent to do a, quote, "robbery" if he was found out. [¶] The defendant denied all that, said he was only in there to basically commit a theft.

(Lodgment No. 15, Clerk's Tr. at 344-45.)

Although Petitioner contends he only intended to burglarize the store and not commit a robbery, at his trial on the instant offenses a police officer employed by the city of Beaverton, Oregon, testified that he arrested Petitioner as he was hiding in a storage room at the Office Depot on May 22, 1996. (Lodgment No. 16, Reporter's Tr. at 1054.) Petitioner was found to have on his person a pair of latex gloves, a coil of silver wire, five lengths of wire cut from that spool, and a pocketknife. (Id. at 1055.) A search of the immediate area where he was found hiding revealed a stocking cap with a slit for the eyes, and a black automatic handgun which appeared to be a BB gun or pellet gun. (Id.)

Even setting aside Petitioner's statement to his co-defendants that he intended to rob the employees if he was caught, and burglarize the store otherwise, the fact that a gun, knife and stocking cap were found near his hiding place inside the store showed he possessed the specific intent to feloniously take personal property in the possession of the store employees against their will, accomplished by means of force or fear, and took steps toward that goal. Cal. Penal Code section 211; Carrasco, 163 Cal. App. 4th at 983. The possession of the gun is inconsistent with Petitioner's contention that he merely intended to burglarize the store.[2] Thus, Petitioner has failed to demonstrate that his Oregon prior conviction did not constitute a "strike" under California law. Habeas relief is **DENIED** as to claim six.

**D)     Claim Seven**

Petitioner contends in claim seven that his Sixth and Fourteenth Amendment rights were violated by the trial court's use of his 1978 prior California conviction for assault with a deadly weapon because the prosecution did not establish beyond a reasonable doubt either that he used

---

[2] Many of the armed robberies Petitioner was convicted of involved him appearing from a hiding place in a store after it was closed wearing a ski mask, brandishing a gun, and proceeding to rob the employees. (See Lodgment No. 1, People v. Williams, No. D043160, slip op. at 2-9.)

a deadly weapon in that offense or that he inflicted great bodily injury. (FAP at 31-32; Traverse Mem. at 45-50.) Respondent contends that the abstract of judgment was used to prove this prior conviction, and it was sufficient under California law. (Ans. Mem. at 27.)

This claim is substantially similar to claim two, where Petitioner alleges that it was error to use his 1978 prior conviction for assault with a deadly weapon as a "strike" under California's Three Strikes law. (Compare FAP at 23-24 with FAP at 31-32.) This claim is without merit for the reasons set forth in the R&R regarding claim two, which the Court has adopted. (R&R at 28-31.) Habeas relief is **DENIED** as to this claim.

### E) Claim Eight

Petitioner contends in his eighth and final claim that his Sixth and Fourteenth Amendment right to protection from double jeopardy was violated by the use of his 1974 and 1978 prior convictions. (FAP at 33-34; Traverse Mem. at 50-53.) Specifically, Petitioner contends that firearm use allegations were dismissed as a result of plea bargains in both of those cases, and it was a violation of double jeopardy principles to use the prior convictions as strikes because they would only constitute strikes if they involved the use of firearms. (Id.)

The Supreme Court has held that the prohibition against double jeopardy does not apply in the noncapital sentencing context, Monge v. California, 524 U.S. 721, 734 (1998), and has consistently rejected double jeopardy claims based on recidivist statutes. See Witte v. United States, 515 U.S. 389, 400 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as a 'stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'"). To the extent Petitioner contends the state court improperly used his prior California convictions to enhance his sentence because they did not constitute "strikes" under California law, he does not present an issue cognizable on federal habeas. Vasquez, 868 F.2d. at 1118-19. Habeas relief is **DENIED** as to this claim.

### IV. Conclusion and Order.

The Court **ADOPTS** in part and **DECLINES** to adopt in part the findings and

1  conclusions of the Magistrate Judge as set forth in this Order, and **DENIES** the First Amended
2  Petition for a writ of habeas corpus.  The Court **ISSUES** a Certificate of Appealability as to all
3  claims in the First Amended Petition.

      **IT IS SO ORDERED.**

DATED:  November 18, 2009

_____
Honorable Barry Ted Moskowitz
United States District Judge