# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY WILLIAMS,<br><br>                    Petitioner,<br><br>vs.<br><br>JEFF MACOMBER, Warden, et al.,<br><br>                    Respondents. | Civil No. 07cv0959-BTM (AJB)<br><br>**ORDER:**<br><br>**(1) DENYING RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT, and**<br><br>**(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

      On November 19, 2009, this Court entered judgment denying Petitioner's First Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and issuing a Certificate of Appealability. (ECF Nos. 70-71.) The First Amended Petition contained eight claims, six of which challenged the use of Petitioner's two prior felony convictions (a 1978 California conviction for assault with a deadly weapon and a 1974 Oregon conviction for robbery), to enhance his sentence under California's Three Strikes law. (ECF No. 37 at 15-26, 29-34.) Petitioner appealed, and on December 8, 2011, the Ninth Circuit Court of Appeals affirmed this Court's judgment. (ECF No. 90.) On August 27, 2013, the Ninth Circuit Court of Appeals denied Petitioner's request for authorization to file a second or successive habeas petition, noting that all claims presented in his application had been presented in his prior habeas petition filed in this

Court. (ECF No. 91.) On February 1, 2016, Petitioner filed the instant Motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), arguing that the prosecutor in his state criminal case "committed intrinsic and extrinsic fraud" by filing sentence enhancement allegations which erroneously alleged that his prior felony convictions constituted "strikes" under California's Three Strikes law, and that the sentencing court abused its discretion and violated state law by using the prior convictions to enhance his sentence. (ECF No. 93.)

**I.   Discussion**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Petitioner has requested relief only under Rule 60(b)(3) and 60(b)(6) (see ECF No. 93 at 2), and there appears to be no basis for relief from judgment under any other provision of Rule 60(b). Petitioner contends that relief is justified under Rule 60(b)(3) because the prosecutor in his state criminal proceedings "in representation of the state committed intrinsic or extrinsic [fraud], misrepresentation, and other misconduct when she used her prosecutorial powers to file sentence enhancement allegations alleging Petitioner's prior felony conviction[s] were serious and violent felonies within the meaning of" California's Three Strikes law, because they are not serious or violent felonies. (Id. at 4-5.) He argues that his prior California felony conviction for assault with a deadly weapon is not a serious or violent felony under California law, and should

not have been alleged as such by the prosecutor or used to enhance his sentence.  (Id. at 7-9.)  Petitioner also contends relief is justified under Rule 60(b)(6) because his prior Oregon felony conviction for robbery is not a serious or violent felony conviction within the meaning of California's Three Strikes law, and it was an abuse of discretion for the trial court to use it to enhance his sentence.  (Id. at 9-16.)

        This Court must first determine whether Petitioner's Rule 60(b) motion is in effect a second or successive habeas petition.  Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005).  A Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim *on the merits*."  Gonzalez, 545 U.S. at 532 (italics in original); id. at 532 n.4 (explaining that "on the merits" in that context refers to an assertion that the court's resolution of a previous claim was in error, as opposed to an argument, for example, that the court erred in ruling that a merits determination was not possible due to a procedural ground).

        If Petitioner's Rule 60(b) motion is the equivalent of a second or successive petition, this Court lacks jurisdiction to consider the motion absent a certificate from the Ninth Circuit authorizing the filing of the petition.  United States v. Washington, 653 F.3d 1057, 1065 (9th Cir. 2011); 28 U.S.C. § 2244(b)(1).  The Court must treat a Rule 60(b) motion as a second or successive petition if it merely attempts to relitigate this Court's determination on the merits of the claims.  See Washington, 653 F.3d at 1063 (providing as examples of a Rule 60(b) motion which must be treated as a successive petition a motion asserting that owing to "excusable neglect" the movant's habeas petition had omitted a claim of constitutional error, a motion seeking to add a new ground for relief, and a motion attacking the court's prior resolution of a claim on the merits), citing Gonzalez, 545 U.S. at 530-32.

        In this Court's Order denying the First Amended Petition, the Court denied on the merits Petitioner's claims that his federal Constitutional rights were violated by the enhancement of his current sentence with his prior California felony conviction for

assault with a deadly weapon and his prior Oregon felony conviction for robbery. (ECF No. 70 at 11-14.) In affirming this Court's judgment, the Ninth Circuit Court of Appeals also addressed and rejected those claims on their merits. (ECF No. 90 at 4-7.) In his instant Rule 60(b) Motion, Petitioner once again attempts to challenge the use of his prior convictions to enhance his sentence.

It is clear that Petitioner's Rule 60(b) Motion merely seeks to relitigate claims presented in the First Amended Petition which were denied on the merits by this Court and affirmed on appeal. This Court lacks jurisdiction to consider the Rule 60(b) motion because Petitioner has not received permission from the Ninth Circuit to file a second or successive petition in this Court. Gonzalez, 545 U.S. at 530-32; Washington, 653 F.3d at 1063.

## II.  Conclusion and Order

The Court **DENIES** Petitioner's Rule 60(b) motion for relief from judgment for the reasons set forth above. The denial is without prejudice to Petitioner to file a second or successive petition in this Court if he obtains permission from the Ninth Circuit Court of Appeals. The Court **DECLINES** to issue a certificate of appealability with respect to the denial of Petitioner's Rule 60(b) Motion.

**IT IS SO ORDERED.**

DATED: April 5, 2016

**HON. BARRY TED MOSKOWITZ**
United States District Judge